The Union Bank of Louisiana v. Smith and others.

The Union Bank of Louisiana *v.* James Smith and others.

One who seeks to render an endorser liable under the act of 13th March, 1818, relative to the election of domicil with regard to promissory notes made in favor of the banks of this State (no opinion being expressed as to whether that statute be still in force,) must show notice of protest, in due time, at the place indicated by the maker as his elected domicil, which, by legal intendment, becomes, *pro hac vice,* the domicil of the endorser, unless, under the third section of that act, he shall have elected another domicil above his signature. Where a bank relies on a constructive notice, and a notarial certificate to prove it, in a case in which the banking-house was the elected domicil, it must appear from the certificate that the notice was left at the banking-house, and addressed to the endorser at that place. A certificate that the notice was served by leaving it with the cashier of the bank, is insufficient ; it does not show but that the notice may have been given to him at some other place than the banking-house, nor does it show how it was addressed.

Appeal from the District Court of St. Mary, *Boyce, J.*

Bullard J. Campbell and Norris are appellants from a judgment against them, as endorsers of a promissory note drawn by Smith, payable at the office of discount and deposite of the Union Bank at St. Martinsville, " *his elected domicil.*" The only question which the case presents is, whether the endorsers have been legally notified of the non-payment of the note by the drawer.

Both the drawer and endorsers resided in the parish of St. Mary, and the bank is situated in St. Martin ; and it is contended by the plaintiffs' counsel that the case is provided for by the act of 1818, to determine the form and effects of the election of domicil with regard to promissory notes made in favor of the banks of this State, &c. See B. & C.'s Dig. 287. The 4th section of that act provides " that when a note in favor of any of the banks of this State shall contain, on the part of the drawer, an election of domicil in any other place than that of his actual domicil, the *protest* and *notification* for want of payment of said note, shall be made *at the place of the elected domicil.*"

Without deciding whether that statute be still in force, upon which point we express no opinion, yet we have no doubt that he who seeks to render an endorser liable under its provisions,

must show a notice of protest, in due time, *at the place* indicated by the drawer as his elected domicil, and which, by legal intendment, becomes, *pro hac vice*, the domicil of the endorser, unless, according to the third section of the act, he shall have elected another domicil *above his signature.*

The certificate of the notary public as to the notices given by him is, " that the parties, &c. were duly notified of the protest thereof, by letters to them written and addressed, dated on the day of said protest, and served upon them respectively in the manner following, viz : by means of three written notices addressed to the drawer, J. Smith, and to the endorsers, James Campbell and James S. Norris, all of the parish of St. Mary, which three notices I have deposited in the post-office at St. Martinsville, and by leaving and furnishing the said cashier, Adrien Dumartrait, similar notices as those directed as aforesaid."

The plaintiff's counsel relies upon the notices left with the cashier as sufficient to hold the endorsers; but we are of opinion that they are insufficient in two important particulars : *first,* that it does not appear that the notices were left *at the banking house,* which was the elected domicil; nor, *secondly,* does it appear that they were addressed to the endorsers at that place. They may have been given to the cashier at some other place, and if they were similar to those put into the post office, they were addressed to the parties at the parish of St. Mary. To bind the endorser the statute requires notice at the elected domicil, if the bank relies upon a constructive notice, and a notarial certificate to prove it.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and ours is for the defendant, as in case of nonsuit, with costs in both courts.

*I. E. Morse* and *Nicholls,* for the plaintiffs.

*Splane* and *Stewart,* for the appellants.